UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas E. Stanton,

                Plaintiff,

v.                                          ORDER
                                            Civil No. 10-4071 (MJD/JJK)

Michael J. Astrue, Commissioner
 of the Social Security Administration,

                Defendant.
_____

The above-entitled matter comes before the Court upon Plaintiff's objection to the Report and Recommendation of United States Magistrate Judge Jeffrey J. Keyes dated December 13, 2011.  Plaintiff objects to the Magistrate's ruling on two issues: that the ALJ failed to fully develop the record and that the ALJ erred by failing to give sufficient weight to Plaintiff's treating and examining physician.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on that review, the Court finds that Plaintiff has not demonstrated that he is entitled to the relief sought.

As set forth in the Report and Recommendation, the ALJ provided Plaintiff's counsel the opportunity to fully develop the record prior to the ALJ making his determination.  For example, after the February 2009 hearing, the ALJ

1

left the record open for twenty-one days to allow Plaintiff to supplement the

medical evidence. (Tr. 43.)  The ALJ also directed Plaintiff to provide medical

records from Regions Hospital, Dr. Dahl, Dr. Brandenhoff and Dr. Fink.  (Id.)

Included in the administrative record is a letter from Dr. Brandenhoff dated May

7, 2009, in which he states that he was treating Plaintiff for depression.  (Tr. 934.)

Also in the record is a May 1, 2009 letter from Plaintiff's treating physician, Dr.

Fink, in which he states that Plaintiff is suffering from chronic

depression/dysthymia, chronic problems with back and leg pain, alcoholic

cardiomyopathy, cardiac arrhythmia for which he is treated with a pacemaker,

sleep apnea, and he is diabetic.  (Tr. 932.)  Dr. Fink concluded that Plaintiff is a

"39 year old gentlemen with multiple medical problems both physical and

psychological . . . [and that] he currently is not at his maximum medical

improvement and hopefully there may be some further recovery with his recent

back surgery."  (Tr. 933.)  Plaintiff has not demonstrated that there is additional

medical evidence, not before the ALJ, that shows he is disabled.

Plaintiff further argues that the ALJ and Magistrate Judge failed to give

due weight to the opinions of his treating physician, Dr. Fink, as required by 20

C.F.R. § 404.1527 (d)(2), and gave undue weight to the opinions of non-treating

2

physicians.  The ALJ determined that

> The opinions of Dr. Henry Fink, M.D., that the claimant will not be able to
> perform any work for the foreseeable future are granted no weight as Dr.
> Fink's opinion is based, in part, on the claimant's mental impairments for
> which Dr. Fink was not treating him.  Additionally, Dr. Fink notes that his
> opinion is, in part, based on the claimant's symptoms related to obstructive
> sleep apnea.  As noted above, the claimant's sleep apnea is well-treated
> with his C-PAP machine.

(Tr. 18.)

As the Magistrate Judge recognized, the federal regulations provide that
generally, a treating physician's opinions that are supported by the objective
medical evidence, *and not inconsistent with other substantial evidence in the record*,
will be given controlling weight.  20 C.F.R. § 404.1457 (d)(2).  The ALJ determined
that Dr. Fink's opinion was not supported by the objective evidence, because it
was inconsistent with other medical evidence which shows Plaintiff's sleep apnea
is being well treated, and because Dr. Fink had no basis to provide an opinion as
to Plaintiff's mental impairments.

The ALJ further supported his decision to place greater weight on the
opinions of Dr. Steiner, a non-treating physician, by noting that "[Dr. Steiner's]
opinion finds substantial foundation in that he reviewed all pertinent medical
evidence and is a Board Certified Physical Medical and Rehabilitation Doctor."

3

(Tr. 19.)  The ALJ had also noted that he had reviewed all the objective medical evidence and found "that it is consistent with Dr. Steiner's opinions."  (Tr. 17.)

Plaintiff further argued that the ALJ did not give any weight to Dr. Wiger's opinion that Plaintiff "panics under stress and would have many difficulties handling the stress of the work place."  (Tr. 18.)  The ALJ explained, however, that this opinion is based on the "claimant's report and the claimant did not report these extreme symptoms to any other medical provider."  (Id.)

This Court, having reviewed the administrative record and the arguments of the parties, will adopt the Report and Recommendation in its entirety.

IT IS HEREBY ORDERED that:

1.      Plaintiff's Motion for Summary Judgment [Doc. No. 7] is DENIED;

2.      Defendant's Motion for Summary Judgment [Doc. No. 10] is

        GRANTED; and

3.      This matter is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY

Date:   March 22, 2012

                                        s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court